PER CURIAM.
¶ 1 Keith Eggum appeals a judgment of conviction. We affirm.
¶ 2 After a jury trial, Eggum was convicted of one count of disorderly conduct and three counts of felony bail jumping. The circuit court granted his postconviction motion as to resentencing, but otherwise denied it.
¶ 3 Eggum first argues that his right to due process was violated by his physical appearance at trial. He discusses two aspects of his appearance. The first is that he should have received a haircut before trial. He notes that the circuit court denied his pretrial request for a haircut, but he does not explain why we should conclude that the decision was in error. When the issue came up again before voir dire, the court stated: "Well, it is what it is. You look fine to me." Eggum does not explain why that finding is erroneous and does not identify any specific problem with his hair during trial. Accordingly, Eggum has not shown that his right to due process was denied.
¶ 4 The second aspect of Eggum's appearance is that before trial, as described by the court, he apparently "plucked out about half of his mustache on the right side of his face ... [and also] plucked out his eyebrow on the right over the right eye." Eggum does not develop an argument as to this aspect of his appearance, but simply asserts that "the jury could have predetermined Eggum's guilt by his eccentric appearance." Eggum does not provide legal authority for the proposition that his own conduct in altering his appearance could be regarded as a due process violation. We reject the argument as undeveloped. See State v. Pettit , 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992).
¶ 5 Eggum next argues that he did not receive a fair trial due to comments that he made in court during trial. Eggum did not move for a mistrial during trial, and therefore he forfeited the issue. See State v. Thurmond , 2004 WI App 49, ¶ 10, 270 Wis. 2d 477, 677 N.W.2d 655. Eggum appears to argue that the circuit court erred by not declaring a mistrial sua sponte , but he cites no authority requiring a court to take that action. Moreover, while Eggum acknowledges that he himself voluntarily caused the potential grounds for a mistrial, he does not provide a legal argument to explain why a defendant should be permitted to create a mistrial with disruptive conduct.
¶ 6 Finally, Eggum argues that his sentence was unduly harsh. On two of the bail jumping counts, the court imposed consecutive sentences of two years of initial confinement and two years of extended supervision. On the third bail jumping count, the court imposed and stayed a sentence of three years each of initial confinement and extended supervision, and placed Eggum on probation for three years. Finally, on the disorderly conduct count, the court imposed a sentence of ninety days.
¶ 7 Eggum argues that these sentences are not the minimum amount of custody necessary to achieve the required sentencing objectives. In particular, he relies on what he claims is the fact that the presentence investigation report recommended only one to two years of initial confinement. However, Eggum fails to note that this recommendation was "on each count." The report did not express an opinion about whether that should be consecutive or concurrent. Thus, if the report's recommendation of up to two years of initial confinement had been followed for each of the three felony counts, and imposed consecutively, the result would have been six years of initial confinement, not the four that Eggum actually received. Accordingly, the report provides no support for his argument.
¶ 8 Beyond that, Eggum argues that he did not present a danger to the public and had only "numerous petty defiant behaviors." This is not a basis on which we can conclude that the sentence was harsh or excessive, given Eggum's history of such offenses for nearly his entire adult life of twenty years.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).